UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Gabino VALENCIA-Gonzalez,<br><br>Defendant | Magistrate Docket No.<br><br>'08 MJ 1650<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 24, 2008** within the Southern District of California, defendant, **Gabino VALENCIA-Gonzalez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27**th DAY OF **MAY, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Gabino VALENCIA-Gonzalez

## PROBABLE CAUSE STATEMENT

On May 24, 2008 Border Patrol Agent S. Randich was assigned to line watch operations in the Brown Field Border Patrol Station's area of responsibility. At approximately 4:30 a.m., Agent Randich responded to a seismic sensor activation approximately one half mile east of the State Route 94 Checkpoint in Dulzura, California. This area is located approximately four miles north of the International boundary between Mexico and the United States and 15 miles west of the Port of entry at Tecate, California. This area is notorious known for undocumented aliens attempting to further their entry into the United States.

Upon arriving in the area, Agent Randich observed two individuals walking along a barbed wire fence. Agent Randich approached the two suspects, including one later identified as the defendant GabinoVALENCIA-Gonzalez, and identified himself as a United States Border Patrol Agent in both the English and Spanish language. Agent Randich then questioned the defendant to determine his citizenship and immigration status. When asked where he was born and of what country he was a national, the defendant stated "Mexico." When asked if he possessed any valid United States immigration documents allowing him to enter or remain in the United States legally, the defendant stated "no." At approximately 4:40 a.m. Agent Randich arrested the defendant and had him transported to the Brown Field Border Patrol Station for further processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **August 26, 2005** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**Executed on May 25, 2008 at 1:15 p.m.**

_____
Tomas Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **one** page, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 24, 2008**, in violation of Title 8, United States Code, Section 1326.

_____
Jan M. Adler
United States Magistrate Judge

May 25, 2008 @ 3:41 p.m.
Date/Time